THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLIE BURLINGHAM,<br><br>              Plaintiff,<br><br>   v.<br><br>MICHAEL BROWN, *et al.*,<br><br>              Defendants. | CASE NO. C20-0586-JCC<br><br>ORDER |

      This matter comes before the Court on Plaintiff Kellie Burlingham's motion for reconsideration (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

      Plaintiff Kellie Burlingham filed an amended complaint on October 23, 2020. (*See* Dkt. No. 16.) Four days later, the Court struck the amended complaint for failure to obtain the Court's leave or Defendants' consent. (*See* Dkt. No. 17.) However, the Court overlooked that Plaintiff filed a "praecipe" with her amended complaint noting that Defendants consented in writing to the amendment. (*See* Dkt. No. 16.) Defendants admit that they consented to Plaintiff amending the complaint under Federal Rule of Civil Procedure 15 but note that Plaintiff did not fully comply with Local Civil Rule 15, and "Defendants are unclear how these two rules intersect." (Dkt. No. 26 at 2.) If Plaintiff's amended complaint was not properly filed on October 23, the City of Bellevue was not added as a defendant until later, and Defendants argue the statute of limitations

may have run with respect to the City of Bellevue. (*See id.* at 2–4.)

Federal Rule of Civil Procedure 83(a)(2) provides that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." *See, e.g., 3BA Int'l LLC v. Lubahn*, 2012 WL 2317563, slip. op. at 9 (W.D. Wash. 2012) ("The court cannot . . . decline to honor a jury demand merely because a party ignores local rules that are designed to ensure the court is aware of the demand."). Applying Local Civil Rule 15's requirement to include a redlined version of the complaint in such a way that would cause Ms. Burlingham to lose the right to add the City of Bellevue as a defendant would likely violate Rule 83(a)(2). Therefore, the Court declines to do so. Further, "[o]nce the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)." *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954). Thus, the fact that the Court did not enter an order approving of the amended complaint does not affect its validity or timeliness.

For the foregoing reasons, the Court GRANTS Plaintiff's motion for reconsideration, VACATES its order striking Plaintiff's October 23 complaint, and will treat the amended complaint as timely filed on October 23. Nevertheless, in the interest of creating a clear record going forward, the Court ORDERS as follows:

1. Ms. Burlingham shall refile her amended complaint from October 23 (Dkt. No. 16) along with a redlined version of that complaint showing the changes from her original complaint (Dkt. No. 1) within fourteen days of the date of this order. The Court and the parties shall treat this amended complaint as if it were filed on October 23, 2020.
2. Defendants shall respond to the amended complaint within 14 days of the date it is filed.

//
//
//

1    DATED this 23rd day of December 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE